1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, Esq. (No. 148213)
2  GENE FARBER, Esq., Esq. (No. 44215) – Of Counsel
   158 Hilltop Crescent
3  Walnut Creek, CA 94576-3452
   Direct: (925) 588-0401
4  Facsimile: (888) 210-8868
   tim@thimeschlaw.com
5  genefarber@gmail.com

6  Attorneys for Plaintiff
   CRAIG YATES                                    E-filing
7

8                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
9

10 CRAIG YATES,                          CASE NO. 10    1112
                                         Civil Rights
11          Plaintiff,

12 v.                                    **COMPLAINT FOR INJUNCTIVE &**
                                         **DECLARATORY RELIEF AND**
13 ROYAL GROUNDS COFFEE HOUSE; BON       **DAMAGES:** DENIAL OF CIVIL RIGHTS
   LIEU CAFE CO., INC.; LENNY CHEN;      OF A DISABLED PERSON IN
14 MATTHEW B. ANDERSON; CHENG SU;        VIOLATION OF THE AMERICANS
   BON LIEU; ROBERT G. BERRY; LORAINE    WITH DISABILITIES ACT OF 1990, AND
15 B. BERRY; DOE TRUSTS 1 through 5,     CALIFORNIA'S DISABLED RIGHTS
   Inclusive; and DOES 6 THROUGH 50,     STATUTES
16 Inclusive,
                                         **DEMAND FOR JURY TRIAL**
17          Defendants.
                                         **[Proper Intradistrict Assignment Under**
18                                       **Civil L.R. § 3-120:** San Francisco/
                                         Oakland]
19                              /

20

21     Plaintiff CRAIG YATES, on behalf of herself and all other similarly situated disabled

22 persons, hereby complains of defendants ROYAL GROUNDS COFFEE HOUSE; BON

23 LIEU CAFE CO., INC., a California Corporation; LENNY CHEN; MATTHEW B.

24 ANDERSON; CHENG SU; BON LIEU; ROBERT G. BERRY, individually and as Trustee

25 of Doe Trusts 1 through 5, Inclusive; LORAINE B. BERRY, individually and as Trustee of

26 Doe Trusts 1 through 5, Inclusive; DOE TRUSTS 1 through 5, Inclusive; and DOES 6

27 THROUGH 50, Inclusive (hereafter "defendants"), and demands a trial by jury, and alleges as

28 follows:

Complaint for Injunctive Relief and Damages

**Filed by Fax**

1   **INTRODUCTION**

2           1.     Plaintiff CRAIG YATES is a person with physical disabilities and utilizes

3   a wheelchair for mobility. He files suit against the owners and operators of Royal Grounds at

4   1146 - 4th Street, in San Rafael. His goal in this suit is a positive one: to achieve full and equal

5   access to the coffee house for all persons alike regardless of their physical condition.

6           2.     This Royal Grounds fails to meet its obligations under the Americans

7   with Disabilities Act of 1990 and California's Disabled Rights Act. The configuration of the

8   entrance, its circulation paths, its service and condiment counters, its dining tables, its internet

9   terminal, and most humiliatingly, its public restroom, deny basic access to persons with

10   disabilities. These and other facilities at the coffee house all fail to provide the "full and equal"

11   access required by Title III of the Americans With Disabilities Act of 1990, the California

12   Disabled Rights Acts (sections 54 and 54.1ff Civil Code), and Title 24 of the California Code of

13   Regulations (now known as the California Building Code). As a result, plaintiff has been

14   continuously denied access and/or deterred from visiting the coffee house during the two years

15   preceding the filing of this complaint, suffered violation of his Civil Rights to full and equal

16   access, suffered a denial of his right to due process, was embarrassed and humiliated, and

17   suffered statutory and general damages. Plaintiff seeks injunctive and injunctive relief requiring

18   provision of access under the Americans with Disabilities Act of 1990 at section 308(a); and

19   injunctive relief for "full and equal access" under California law; and statutory damages for

20   plaintiff under California law.

21

22   **JURISDICTION AND VENUE**

23           3.     This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for

24   violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq.* Pursuant to

25   pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also

26   brought under California law, including but not limited to violations of California Health &

27   Safety Code Sections 19955 *et seq.*, including Section 19959; Title 24 California Code of

28   Regulations; and California Civil Code Sections 54 and 54.1 *et seq.*

Complaint for Injunctive Relief and Damages         — 2 —

1    4.    Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded
2    on the fact that the real property which is the subject of this action is located in this district and
3    that plaintiff's causes of action arose in this district.

4    5.    **Intradistrict Jurisdiction.**    Under Local Rules 3-2 (c) and (d), the
5    intradistrict assignment to the San Francisco District is appropriate because the real property that
6    is the subject of this action is located in Mendocino County, California, and plaintiff's causes of
7    action arose in Mendocino County.

8

9    **PARTIES**

10    6.    At all times relevant to this complaint, plaintiff was a "person with a
11   disability," as this term is used under California law and under federal laws including but not
12   limited to Title III of the Americans With Disabilities Act of 1990. Plaintiff is physically
13   disabled, as defined by all applicable California and United States laws, and requires the use of a
14   wheelchair for traveling about in public places.

15    7.    At all times relevant herein, defendants were and/or are the controlling
16   private entities, or the current, future or prospective owners and operators, lessors and/or lessees
17   of public facilities, and subject to the requirements of California State law requiring full and
18   equal access to public facilities pursuant to Sections 4450 et seq. Government Code; Sections
19   19955-19959 of the Health & Safety Code; Sections 54.1 and 54.3 Civil Code; and subject to
20   Title III of the Americans With Disabilities Act of 1990, and to all other legal requirements
21   referred to in this complaint. Plaintiff does not know the relative responsibilities of defendants
22   in the ownership, control, and operation of the facilities herein complained of, and alleges a joint
23   venture and common enterprise by all such defendants.

24    8.    Plaintiff is informed and believes that each of the defendants herein,
25   including all named DOES, inclusive, is the joint authority, independent governmental body,
26   controlling public entity, owner, constructive owner, beneficial owner, trust, trustee, agent,
27   ostensible agent, alter ego, master, servant, employer, employee, representative, franchiser,
28   franchisee, joint venturer, partner, associate, parent company, subsidiary, board, commission,

**Complaint for Injunctive Relief and Damages**                                    — 3 —

1    department, or other governmental agency, representative, or such similar capacity, of each of
2    the other defendants, and was at all times acting and performing, or failing to act or perform,
3    within the course and scope of his, her or its authority as a joint authority, independent
4    governmental body, controlling public entity, owner, constructive owner, beneficial owner,
5    agent, trust, trustee, ostensible agent, alter ego, master, servant, employer, employee,
6    representative, franchiser, franchisee, joint venturer, partner, associate, parent company,
7    subsidiary, board, commission, department, or other governmental agency, representative, or
8    such similar capacity, and with the authorization, consent, permission or ratification of each of
9    the other defendants, and is responsible in some manner for the acts and omissions of the other
10   defendants in proximately causing the violations and damages complained of herein, and have
11   approved or ratified each of the acts or omissions of each other defendant, as herein described.
12   Plaintiff will seek leave to amend when the true names, capacities, connections, and
13   responsibilities of defendants, including all named Doe Defendants, Inclusive, are ascertained.

14

15   **FACTUAL ALLEGATIONS**

16            9.      At all times relevant defendants were and/or are the owners and operators,
17   lessors and/or lessees of Royal Grounds in San Rafael.

18            10.     Further, the subject coffee house and its facilities, including its entrance
19   facilities, paths of travel, service and condiment counters, internet terminal, public restrooms,
20   and other facilities, are each a "public accommodation or facility" subject to the requirements of
21   Government Code sections 4450 et seq., Health & Safety Code Section 19955-19959, and of the
22   California Civil Code sections 51, 54, 54.1, and 54.3. On information and belief, each such
23   facility has, since July 1, 1970, undergone unfinished "new construction," and/or "alterations,
24   structural repairs, and additions," each of which has subjected the subject coffee house and its
25   public facilities to state disabled access requirements per section 19959 Health and Safety Code,
26   and since July 1, 1982, per provisions of Title 24 of the California Code of Regulations.

27            11.     Plaintiff seeks actual damages as well as deterrence damages. The
28   barriers are pervasive and are encountered by plaintiff and other similarly situated square users

Complaint for Injunctive Relief and Damages                                    — 4 —

1    with mobility disabilities almost everywhere one attempts to travel at the subject coffee house

2    facility. On continuous basis during the two years preceding the filing of this complaint,

3    plaintiff CRAIG YATES has been denied the right and desire to visiting the subject coffee

4    house by these substantial barriers, which include:

5                 a.      The entrance door is a one piece solid tempered glass door that

6    does not have any protection on the bottom 10 inches.

7                 b.      The entrance lacks strike side clearance.

8                 c.      The exterior landing of the entrance door is sloped down to the

9    public sidewalk and is not level to within 2%.

10               d.      There is bench seating along the west wall and the front portion

11    of the east wall in front of the display and service counters.

12               e.      There are 6 small round tables that are approximately 30 inches

13    in diameter. There are 8 small square tables that are approximately 24 by 30 inches. None of

14    the seating will provide a minimum 19 inch knee space depth. There was no observable

15    accessible seating in the coffee shop.

16               f.      The main service counter is approximately 5 feet long and has

17    merchandise on it. The actual service area is approximately 24 inches wide. The counter is

18    approximately 42 inches above the finished floor. There is no lower section of the service

19    counter.

20               g.      There is a queue line that is defined by a set of bollards that are

21    connected by a web strap. This restricts the area in front of the counter to a side approach

22    only. This set of bollards also restricts the path of travel to restroom and condiment counter

23    to a point of approximately 24 inches from the queue line to the seating adjacent to the west

24    wall when a patron is seated.

25               h.      The condiments counter is on top of a cabinet that is on the west

26    wall. The top of the counter is approximately 42 inches above the finished floor. At the rear

27    of the counter there is a section of bins containing the sugar and other items. The bins are

28    approximately 6 inches above the countertop and set back a distance of about 16 to 18 inches,

**Complaint for Injunctive Relief and Damages**                          — 5 —

1    effectively making the countertop height at 48 inches to the condiments. There is enough

2    room for a side approach however, the reach over the obstruction is excessive and will be

3    non-compliant.

4                    i.       The pick up counter is at the north side of the counter is a small

5    section of counter, more like a ledge, that is approximately 18 inches wide by 6 to 8 inches in

6    depth. This section of counter is approximately 54 inches above the finished floor

7                    j.       The public restroom is a single accommodation restroom

8    located inside the storage room at the north end of the coffee shop. Its door has knob type

9    hardware and does not have a closing device. The door swings outward from the restroom

10   into the storage area. The strike side clearance is consistently obstructed by storage boxes.

11   Access to the restroom requires a key that is attached to a large plastic scoop and is kept hung

12   on a hook at the north end of the service counter in the coffee shop. The water closet is

13   mounted at approximately 21 inches on center from the fixed wall. There is 49 inches of

14   transfer space in front of the water closet, however, there is a hand dryer on the wall in front

15   of the water closet that projects approximately 8 inches off the wall that will restrict the clear

16   floor space. There is only 20 to 22 inches of transfer space at the side of the water closet.

17   The side grab bar is a 36 inch long grab bar and does not extend 24 inches in front of the front

18   face of the toilet. There is no rear grab bar behind the water closet. The lavatory is mounted

19   in a cabinet so that there is no knee space or clearance underneath. The lavatory does have

20   lever handled hardware. The mirror is mounted higher than 40 inches above the finished

21   floor. The sanitary seat cover dispenser is mounted above and behind the water closet and is

22   not adjacent to a clear floor space. It is also mounted higher than 40 inches above the finished

23   floor.

24                   12.      On information and belief, defendants have failed to provide access to

25   multiple other facilities on site, which will require a formal inspection to identify and verify.

26                   13.      On multiple occasions, plaintiff and other persons with disabilities have

27   complained both orally and in writing to defendants, and, on information and belief

28   defendants have knowledge, or received notice, of plaintiff's complaints and the inability of

Complaint for Injunctive Relief and Damages                                          — 6 —

1    persons like plaintiff to use facilities at the subject Royal Grounds. Despite knowledge of the
2    access problems, and complaints from other disabled patrons, and the passage of extended
3    time since plaintiff and other disabled persons first provided notice of these deficiencies,
4    defendants have failed to investigate these problems, and have failed to take the necessary
5    action to provide legally required access features to allow "full and equal" use of the premises
6    by physically disabled persons.

7         14.    The removal of all such barriers was required by Title III of the ADA,
8    section 302 and/or section 303 of the ADA.

9         15.    On information and belief, as a result of all defendants' above stated
10   acts and omissions, plaintiff suffered loss of his Civil Rights, suffered physical stress, strain
11   and exhaustion in attempting to negotiate barriers at the subject Royal Grounds, suffered
12   physical pain and discomfort, and other physical, psychological, and emotional damages, pain
13   and suffering, all to his damages.

14        16.    Moreover, plaintiff and other similarly situated disabled persons will
15   continue to be damaged on a daily basis as long as defendants fail to provide proper disabled
16   access in the respects complained of, as they will either be discouraged from using the subject
17   Royal Grounds to pursue square business, or would make the visit despite the obstacles to
18   access they would have to encounter, and suffer additional discriminatory experiences.

19        17.    Plaintiff has no adequate remedy at law as to the recurring damages
20   facing him each time he returns to these inaccessible facilities. Unless the relief requested
21   herein is granted, plaintiff and many other physically disabled persons will each suffer
22   irreparable harm in that their fundamental right to accessible public facilities while patronizing
23   the subject Royal Grounds will be denied and abridged.

24

25                        **FIRST CAUSE OF ACTION:**

26       **(Violations of The Americans With Disabilities Act of 1990 - 42 USC §§ 12101ff)**

27        18.    Plaintiff repleads and incorporates, as if fully set forth again herein, the
28   factual allegations contained in paragraphs 1 through 17, above.

1        19.    Pursuant to law, in 1990 the United States Congress made findings per 42
2   U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to
3   more fully protect "some 43 million Americans with one or more physical or mental
4   disabilities;" that "historically society has tended to isolate and segregate individuals with
5   disabilities;" that "such forms of discrimination against individuals with disabilities continue to
6   be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals
7   with disabilities are to assure equality of opportunity, full participation, independent living and
8   economic self sufficiency for such individuals;" and that "the continuing existence of unfair and
9   unnecessary discrimination and prejudice denies people with disabilities the opportunity to
10  compete on an equal basis and to pursue those opportunities for which our free society is
11  justifiably famous..."

12       20.    Congress stated as its purpose in passing the Americans with Disabilities
13  Act (42 USC § 12101(b)):

14       It is the purpose of this act —

15       (1) to provide a clear and comprehensive national mandate for the
16       elimination of discrimination against individuals with disabilities;

17       (2) to provide clear, strong, consistent, enforceable standards
18       addressing discrimination against individuals with disabilities;

19       (3) to ensure that the Federal government plays a central role in
20       enforcing the standards established in this act on behalf of individuals with
21       disabilities; and

22       (4) to invoke the sweep of Congressional authority, including the power
23       to enforce the 14th Amendment and to regulate commerce, in order to address
24       the major areas of discrimination faced day to day by people with disabilities.
25       (Emphasis added)

26       21.    As part of the Americans with Disabilities Act, Public Law 101-336,
27  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services
28  Operated by Private Entities" (42 U.S.C 12181ff). Under the code "restaurants" are among the

Complaint for Injunctive Relief and Damages                              — 8 —

1  "private entities" which are considered "public accommodations" and "commercial facilities."

2        22.    Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be

3  discriminated against on the basis of disability in the full and equal enjoyment of the goods,

4  services, facilities, privileges, advantages, or accommodations of any place of public

5  accommodation by any person who owns, leases, or leases to, or operates a place of public

6  accommodation."

7        23.    Among the general prohibitions of discrimination included in

8  Section 302(b)(1)(A) are the following:

9        § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. — It shall be

10  discriminatory to subject an individual or class of individuals on the basis of a

11  disability or disabilities of such individual or class, directly, or through

12  contractual, licensing, or other arrangements, to a denial of the opportunity of

13  the individual or class to participate in or benefit from the goods, services,

14  facilities, privileges, advantages, or accommodations of an entity."

15        § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It

16  shall be discriminatory to afford an individual or class of individuals, on the

17  basis of a disability or disabilities of such individual or class, directly, or

18  through contractual, licensing, or other arrangements with the opportunity to

19  participate in or benefit from a good, service, facility, privilege, advantage, or

20  accommodation that is not equal to that afforded to other individuals."

21        § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be

22  discriminatory to provide an individual or class of individuals, on the basis of a

23  disability or disabilities of such individual or class, directly, or through

24  contractual, licensing, or other arrangements with a good, service, facility,

25  privilege, advantage, or accommodation that is different or separate from that

26  provided to other individuals, unless such action is necessary to provide the

27  individual or class of individuals with a good, service, facility, privilege,

28  advantage, or accommodation, or other opportunity that is as effective as that

**Complaint for Injunctive Relief and Damages**        — 9 —

1     provided to others."

2         24.     Among the specific prohibitions against discrimination in the ADA

3  include the following:

4         § 302(b)(2)(A)(ii): "A failure to make reasonable modifications in

5     policies, practices or procedures when such modifications are necessary to

6     afford such goods, services, facilities, privileges, advantages or

7     accommodations to individuals with disabilities..."

8         § 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to

9     ensure that no individual with a disability is excluded, denied services,

10     segregated or otherwise treated differently than other individuals because of

11     the absence of auxiliary aids and services, unless the entity can demonstrate

12     that taking such steps would fundamentally alter the nature of the good,

13     service, facility, privilege, advantage, or accommodation being offered or

14     would result in an undue burden;"

15         § 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and

16     communication barriers that are structural in nature, in existing facilities...

17     where such removal is readily achievable;"

18         § 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal

19     of a barrier under clause (iv) is not readily achievable, a failure to make such

20     goods, services, facilities, privileges, advantages, or accommodations available

21     through alternative methods if such methods are readily achievable." The acts

22     and omissions of defendants set forth herein were in violation of plaintiff's

23     rights under the ADA, Public Law 101-336, and the regulations promulgated

24     thereunder, 28 CFR Part 36ff.

25         25.     The removal of each of the barriers complained of by plaintiff as

26  hereinabove alleged (i.e., in paragraphs 10 through 12, above) were — at all times on or after

27  January 26, 1992 — "readily achievable."

28         26.     Further, at all times herein mentioned, modification of or removal of these

**Complaint for Injunctive Relief and Damages**              — 10 —

1  barriers was "readily achievable" under the factors specified in the Americans with Disabilities

2  Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations

3  adopted thereto.

4      27.    Further, if defendants are collectively able to "demonstrate" that it was

5  not "readily achievable" for defendants to remove each of such barriers, defendants have failed

6  to make the required services available through alternative methods which were readily

7  achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

8      28.    "Discrimination" is further defined under Section 303(a)(2) of the ADA,

9  for a facility or part thereof that was altered after the effective date of Section 303 of the ADA in

10  such a manner as to affect or that could affect the usability of the facility or part thereof by

11  persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to make

12  alterations in such a manner that, to the maximum extent feasible, the altered portions of the

13  facility are readily accessible to and usable by individuals with disabilities, including individuals

14  who use wheelchairs." Additionally, for alterations to areas of a facility involving a "primary

15  function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C. 12183), also

16  includes the failure of an entity "to make the alterations in such a manner that, to the maximum

17  extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking

18  fountains serving the altered area, are readily accessible to and usable by individuals with

19  disabilities." On information and belief, the subject building constitutes a "commercial facility,"

20  and defendants have, since the date of enactment of the ADA, performed alterations (including

21  alterations to areas of primary function) to the subject building and its facilities, public

22  accommodations, and commercial facilities, which fail to provide facilities and paths of travel to

23  such areas that are readily accessible to and usable by individuals with disabilities, in violation

24  of Section 303(a)(2), and the regulations promulgated thereunder, 28 CFR Part 36ff.

25      29.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,

26  Section 308, plaintiff is entitled to the remedies and procedures set forth in Section 204,

27  subsection (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as plaintiff

28  is being subjected to discrimination on the basis of disability in violation of this title or has

Complaint for Injunctive Relief and Damages                    — 11 —

1   reasonable grounds for believing that he is about to be subjected to discrimination in violation of

2   Sections 302 and 303. On information and belief, defendants have continued to violate the law

3   and deny the rights of plaintiff and of other disabled persons to access this public

4   accommodation since the visit of plaintiff on or about April 18, 2005. Pursuant to

5   Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)... injunctive relief shall

6   include an order to alter facilities to make such facilities readily accessible to and usable by

7   individuals with disabilities to the extent required by this title."

8       30.   As a result of defendants' acts and omissions in this regard, plaintiff has

9   been required to incur legal expenses and attorney fees, as provided by statute, in order to

10   enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled

11   persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks

12   recovery of all reasonable attorneys' fees, litigation expenses (including expert fees) and costs,

13   pursuant to the provisions of Section 505 of the ADA (42 U.S.C. 12205) and the Department of

14   Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally,

15   plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also

16   to require the defendants to make their facilities accessible to all disabled members of the public,

17   justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil

18   Procedure Section 1021.5.

19       WHEREFORE, plaintiffs prays that this Court grant relief as hereinafter stated:

20

21            **SECOND CAUSE OF ACTION:**

22       **(Denial of Full and Equal Access to a Person With a Disability**

23       **in a Public Facility in Violation of California's Disabled Access Statutes)**

24       31.   Plaintiff repleads and incorporates by reference, as if fully set forth again

25   herein, the allegations contained in Paragraphs 1 through 30 of this complaint and incorporates

26   them herein as if separately repled.

27       32.   Plaintiff and other similarly situated physically disabled persons (whose

28   physical conditions require the use of a wheelchair or other mobility device and/or who have

1    vision impairments) are unable to use public facilities at the subject Royal Grounds on a "full
2    and equal" basis unless such facilities are brought into compliance with the provisions of
3    California Health & Safety Code sections 19955 et seq. Plaintiff is a member of that portion of
4    the public whose rights are protected by the provisions of sections 19955 et seq. Health & Safety
5    Code.

6        33.     Under section 54.1 Civil Code, persons with disabilities are entitled to
7    "full and equal access" to public accommodations. "Public accommodations" are further
8    defined as a building, structure, facility complex, or improved area which is used by the general
9    public and shall include parking lots, paths of travel, counters, and attendant facilities.

10       34.     Defendants participate in the operation of the subject public
11    accommodation, subjecting the property and all such defendants to the requirements of
12    California's Disabled Rights statutes.

13       35.     Health & Safety Code Section 19955 provides in pertinent part:
14          (a) The purpose of this part is to insure that public accommodations or
15          facilities constructed in this state with private funds adhere to the provisions of
16          Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the
17          Government Code. For the purposes of this part "public accommodation or
18          facilities" means a building, structure, facility, complex, or improved area
19          which is used by the general public and shall include auditoriums, hospitals,
20          theaters, restaurants, hotels, motels, stadiums, and conventions centers.

21       36. Health and Safety Code Section 19956, which appears in the same chapter as
22    19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall
23    conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the
24    Government Code...."

25       37. Section 19956 Health & Safety Code was operative July 1, 1970, and is
26    applicable to all public accommodations constructed or altered after that date. On information
27    and belief, portions of the subject Marriott were constructed and/or altered after July 1, 1970,
28    and portions of the subject building were structurally remodeled, altered and have undergone

Complaint for Injunctive Relief and Damages            — 13 —

1    structural repairs or additions after July 1, 1970. Such construction required such building and

2    its public accommodation facilities to be subject to the requirements of Part 5.5, Sections 19955,

3    et seq., of the Health and Safety Code, which requires provision of access upon "alterations,

4    structural repairs or additions" per Section 19959 Health & Safety Code, or upon a change of

5    occupancy (a form of "alteration").

6         38.    Multiple construction, alterations, structural repairs and/or additions were

7    completed on the subject Royal Grounds property after the January 1, 1968 effective date of

8    Government Code Sections 4450 et seq., and the July 1, 1970 effective date of Healthy & Safety

9    Code Section 19955-19959, legally requiring that proper access for disabled persons be

10   provided in each and every regard complained of in the Complaint.

11        39.    Construction or alteration at such facilities also triggered access

12   requirements pursuant to section 4456 Government Code and Title 24 of the California Code of

13   Regulations. Further, section 19955 Health & Safety Code also requires that, "[w]hen sanitary

14   facilities are made available for the public, clients or employees in such accommodations or

15   facilities, they shall be made available for the physically handicapped." Title 24, California

16   Code of Regulations (formerly known as the California Administrative Code and now known as

17   the California Building Code), was in effect at the time of each alteration which, on information

18   and belief, occurred at such public facility since January 1, 1982, thus requiring access

19   complying with the specifications of Title 24 whenever each such "alteration, structural repair or

20   addition" is carried out. Title 24 imposes additional access requirements with which defendants

21   have not complied, including additional requirements for accessible restrooms which serve the

22   areas of alteration.

23        40.    As a result of the actions and failure to act of defendants and each of

24   them, and as a result of the failure to provide proper disabled accessible facilities as above

25   described, plaintiff was denied his Civil Rights, including his right to full and equal access to

26   public facilities, was embarrassed and humiliated, suffered physical, psychological and mental

27   injuries and emotional distress, all to the general damages of plaintiff in an amount within the

28   jurisdiction of this Court.

**Complaint for Injunctive Relief and Damages**                                    — 14 —

1    41.    Plaintiff seeks damages on a continuing, ongoing and per-incident basis

2    for denial and deterrence during the period preceding within the two years before the filing of

3    his original complaint, and the continuous and ongoing damages suffered thereafter.

4    42.    As a result of the defendants' continuing failure to provide proper access

5    for disabled persons to use the public facilities, plaintiff has continually been denied his rights to

6    full and equal access to subject Royal Grounds and its attendant facilities on a daily basis for the

7    above specified period up to the filing of this complaint and continuing until defendants provide

8    accessible facilities in each of the respects complained of herein.

9    43.    The acts and omissions of defendants as complained of herein are

10   continuing on a day by day basis to have the effect of wrongfully excluding plaintiff and other

11   members of the public who are physically disabled wheelchair users from full and equal access

12   to the public facilities involved.  Such acts and omissions continue to treat plaintiff as inferior

13   and a second class citizen and serve to discriminate against him on the sole basis that he is

14   physically disabled and requires the use of a wheelchair for movement in public places; plaintiff

15   is unable, so long as such acts and omissions of defendants continue, to achieve full and equal

16   access to these public facilities.  The acts of defendants have proximately caused and will

17   continue to cause irreparable injury to plaintiff if not enjoined by this court.

18   44.    WHEREFORE, plaintiff asks this court to preliminarily and permanently

19   enjoin any continuing refusal by those defendants which currently own, operate or lease the

20   premises, or who control such premises as the operating public entities, to grant such access to

21   plaintiff and other similarly situated persons, and to require such defendants to comply forthwith

22   with the applicable statutory requirements relating to access for the disabled.  Such injunctive

23   relief is provided by section 19953 Health & Safety Code and California Civil Code section 55.

24   Plaintiff further request that the court award statutory attorneys' fees, litigation expenses and

25   costs to plaintiff pursuant to section 19953 Health & Safety Code, Civil Code section 55, and

26   Code of Civil Procedure section 1021.5, all as hereinafter prayed for.

27   ////

28

1                                    **THIRD CAUSE OF ACTION:**

2             **(Violation of California's Disabled Rights Acts - §§54, 54.1 and 55 Civil Code)**

3         45.     Plaintiff repleads and incorporates by reference, as if fully set forth again

4 herein, the allegations contained in paragraphs 1 through 44 of this complaint and incorporates

5 them herein as if separately repled.

6         46.     The aforementioned acts and omissions of defendants and each of them

7 constitute a denial of equal access to and use and enjoyment of these facilities by persons with

8 disabilities, including plaintiff. Said acts and omissions are also in violation of provisions of

9 Title 24 of the California Administrative Code (later known as the California Code of

10 Regulations and the California Building Code.)

11         47.     On or about the above dates complained of, and on multiple occasions

12 thereafter, including occasions of deterrence, plaintiff suffered violations of sections 54 and 54.1

13 Civil Code in that he was denied full and equal access to the subject Royal Grounds facilities on

14 the basis that he was physically disabled persons.

15         48.     Plaintiff is further informed and believes that before and after such dates,

16 the named defendants and each of them were made aware orally, in writing, and through the

17 media and governmental sources of the inaccessibility of their public facility/business to

18 disabled persons, such as plaintiff, and other persons with disabilities similarly situated, and of

19 the federal and state legal obligations of owners and operators of public facilities to make their

20 facilities accessible to disabled persons. Despite being informed of such effect on disabled

21 persons and the manner in which their practices and lack of acceptable facilities were continuing

22 to discriminate against disabled persons on a day-to-day basis, said defendants and each of them

23 knowingly and willfully failed and refused to take any steps to rectify this situation and to

24 provide full and equal access for disabled persons to each public facility referred to herein.

25         49.     At all times since plaintiff's above specified complaints, and on

26 information and belief for periods prior to this date, defendants were on notice of the

27 requirements of the law relating to provision for full and equal disabled access. Especially as

28 defendants were on full notice, each day that defendants have continued to deny access to

1   disabled persons constitutes a new and distinct violation of plaintiff's right to full and equal

2   access to this public facility, in violation of Sections 54 and 54.1, et seq. Civil Code. In the

3   event of a default judgment against any particular defendant, plaintiff will seek an injunction

4   requiring provision of all access called for in this complaint (as specified in paragraphs 10

5   through 12), plus damages of $4,000 for each specific incident or deterrence during the two

6   years preceding the filing of the original complaint, plus reasonable attorneys' fees, litigation

7   expenses and costs as set by the court, until the site is brought into full compliance with state

8   and federal access laws protecting the rights of the disabled, or, alternatively, until the date of

9   entry of default.

10         50.    As a result of the denial of equal access to defendants' facilities due to the

11   acts and omissions of defendants and each of them in owning, operating, and maintaining this

12   subject public facility, plaintiff suffered violations of his Civil Rights including but not limited

13   to rights under sections 54 and 54.1 Civil Code, and suffered physical injury and discomfort,

14   emotional shock, mental and emotional distress, embarrassment and humiliation, all to his

15   damages as hereinafter stated.    Defendants' actions and omissions to act constituted

16   discrimination against plaintiff on the sole basis that he was physically disabled and unable,

17   because of the architectural barriers created by the defendants in violation of the subject laws, to

18   use the public facilities on a full and equal basis as other persons.

19         51.    Plaintiff seeks damages on a continuing and ongoing basis and for each

20   specific incident or deterrence during the two years preceding the filing of the original

21   complaint, and the continuous and ongoing damages suffered thereafter.

22         52.    Subject to the terms of the preceding paragraph, plaintiff also seeks

23   damages against all defendants for the violation of his rights as a person with a disability during

24   his patronage at the subject Royal Grounds, and on multiple visits thereafter, according to proof,

25   pursuant to section 54.3 Civil Code, including a trebling of all statutory and actual damages,

26   general and special, available pursuant to section 54.3 Civil Code. Plaintiff also seeks such

27   damages for such defendants' continuing to maintain such facilities in an inaccessible condition

28   since date of his earliest visit, and for each specific incident or deterrence during the two years

**Complaint for Injunctive Relief and Damages**           — 17 —

1  preceding the filing of the original complaint, and thereafter until defendants provide full and
2  equal access. Plaintiff also seeks injunctive relief against all defendants pursuant to section 55
3  Civil Code, requiring defendants to make their facilities accessible to disabled persons in each of
4  the respects complained of herein.

5        53.    As a result of defendants' acts and omissions in this regard, plaintiff has
6  been required to incur legal expenses and hire an attorney in order to enforce plaintiff's rights
7  and enforce provisions of the law protecting access for persons with disabilities and prohibiting
8  discrimination against persons with disabilities. Plaintiff therefore seeks recovery in this lawsuit
9  for all reasonable attorneys' fees and costs incurred pursuant to the provisions of sections 54.3
10  and 55 Civil Code. Additionally, plaintiff's lawsuit is intended not only to obtain compensation
11  for damages to plaintiff, but also to require the defendants to make their facilities accessible to
12  all disabled members of the public, conferring a significant public benefit, and justifying
13  attorneys' fees, litigation expenses and costs pursuant to the provisions of section 1021.5 Code
14  of Civil Procedure.

15        WHEREFORE, plaintiff prays for damages and declaratory and injunctive relief
16  hereinafter stated.

17

18                     **FOURTH CAUSE OF ACTION:**

19      **(Damages and Injunctive Relief for Violation of Title III of the ADA**

20              **Under California's Disabled Rights Act)**

21        54.    Plaintiff repleads and incorporates by reference, as if fully set forth again
22  herein, the allegations contained in paragraphs 1 through 53 of this complaint and incorporates
23  them herein as if separately repled.

24        55.    Each violation of the Americans With Disabilities Act of 1990, as
25  complained of in the First Cause of Action hereinabove (the contents of which cause of action is
26  incorporated herein as if separately repled), is also a violation of section 54(c) and section
27  54.1(d) California Civil Code, further and independently justifying damages, injunctive and
28  other statutory relief per section 54.3 and 55 California Civil Code.

**Complaint for Injunctive Relief and Damages**                     — 18 —

56. Plaintiff seeks damages on a continuing, ongoing and per-incident basis for the period preceding within the two years before the filing of his original complaint, and the continuous and ongoing damages suffered thereafter.

57. Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, plaintiff will suffer irreparable harm in that they will continue to be discriminated against and denied access to the specified public facilities. Because plaintiff seeks improvement of access for persons with disabilities, which will benefit a significant portion of the public, plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil Procedure, section 54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

## FIFTH CAUSE OF ACTION:

### (Damages and Injunctive Relief Under the Unruh Civil Rights Act
### For Violation of Title III of the ADA)

58. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 57 of this complaint and incorporates them herein as if separately repled.

59. Each violation of the Americans With Disabilities Act of 1990, as complained of in the First Cause of Action hereinabove (the contents of which causes of action is hereby incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh Civil Rights Act, further and independently justifying damages of $4,000 per offense, injunctive relief, and other statutory relief, all as previously pled, per sections 52 and common law decision.

60. Plaintiff seeks damages for each specific incident or deterrence during the two years preceding the filing of the original complaint, and for the continuous and ongoing damages suffered thereafter.

61. As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to

**Complaint for Injunctive Relief and Damages** — 19 —

1    enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled

2    persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks

3    recovery of all reasonable attorneys' fees, litigation expenses (including expert fees) and costs,

4    pursuant to the provisions of Section 52 of the Civil Code. Additionally, plaintiff's lawsuit is

5    intended not only to obtain compensation for damages to plaintiff, but also to require the

6    defendants to make their facilities accessible to all disabled members of the public, justifying

7    "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure

8    Section 1021.5.

9

10                              **SIXTH CAUSE OF ACTION**

11                                 **(Declaratory Relief)**

12          62.    Plaintiff repleads and incorporates by reference, as if fully set forth again

13   herein, the allegations contained in Paragraphs 1 through 61 of this complaint and incorporates

14   them herein as if separately repled.

15          63.    A present and actual controversy exists among the respective rights and

16   obligations of plaintiff and defendants, and separately, as to the obligations that have been

17   impressed by the aforementioned statutes against Royal Grounds property irrespective of past or

18   future ownership. Plaintiff requests a judicial determination of his rights and such obligations in a

19   declaration, and also as to whether and to what extent defendants' conduct and the current

20   configuration of the property violates applicable law.

21          64.    Such a declaration is necessary and appropriate at this time in order that

22   Plaintiff may ascertain his rights. Such declaration is further necessary and appropriate to prevent

23   further harm or infringement of Plaintiff's Civil Rights.

24          Wherefore, plaintiff prays the court grant relief as requested hereinbelow.

25   ////

26

27

28

**Complaint for Injunctive Relief and Damages**                                    — 20 —

**SEVENTH CAUSE OF ACTION:**

**(Violation of Business and Professions Code Section 17200 -**

**Unfair Competition through Violation of California and State Law Protecting the Rights**

**of Disabled Persons)**

65.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 64 of this complaint.

66.     On a yearly basis, the defendants are engaged in the business of providing coffee house services and facilities at Royal Grounds throughout the year.

67.     Plaintiff has incurred actual injury and is out of pocket for the experience. Defendants' unfair practice lures unsuspecting disabled customers such as plaintiff to the coffee house, who expect accessible facilities.

68.     Commencing within three years of the date of the original complaint filed in this action, the defendants have committed acts of unfair competition, as defined by Business and Professions Code section 17200, by providing facilities that are inaccessible to the disabled members of the general public, including, but not limited to the acts facilities identified at paragraphs 10 through 12, above, all in violation of standards of sections 54 and 54.1 et seq. Civil Code; Title 24 of the California Administrative Code; sections 4450-4456 Government Code; sections 19952, 19953 and 19955-19959 Health & Safety Code; Title III of the Americans With Disabilities Act of 1990; and the Americans With Disabilities Act Access Guidelines.

69.     The acts and practices of the defendants are likely to continue and therefore will continue to mislead the general public as to the true cost of providing the specified goods and services and their expected availability to members of the public with physical disabilities pursuant to law.

70.     As a direct and proximate result of the defendants' conduct, defendants have received and continue to receive unfair profits that rightfully belong to members of general public who have been adversely affected by defendants' conduct, such as plaintiff.

71.     Plaintiff has no adequate remedy at law, and unless the relief requested

**Complaint for Injunctive Relief and Damages**                                    — 21 —

1    herein is granted, plaintiff will suffer irreparable harm in that defendants will continue to be

2    discriminated against and denied access to the specified public facilities. Because plaintiffs seek

3    improvement of access for persons with disabilities, which will benefit a significant portion of

4    the public, plaintiffs seek recovery of reasonable attorneys' fees pursuant to sections 52, 54.3

5    and 55 Civil Code, section 1021.5 Code of Civil Procedure, section 19953 Health & Safety

6    Code, and section 505 of the Americans with Disabilities Act.

7            Wherefore, plaintiff prays that the court grant relief as requested herein below.

8

9    **EIGHTH CAUSE OF ACTION**

10   **(Violation of Government Code Section 12948)**

11           72.    Plaintiff repleads and incorporates by reference, as if fully set forth again

12   herein, the factual allegations contained in paragraphs 1 through 71 of this complaint.

13           73.    Defendants' actions are in violation of Government Code Section 12948,

14   and the corresponding Civil Code Sections 51, 54, and 54.1.

15           74.    Plaintiff seeks injunctive relief, statutory and compensatory damages,

16   punitive damages, and attorney fees under the FEHA.

17           Wherefore, plaintiff prays that the court grant relief as requested herein below.

18

19   **NINTH CAUSE OF ACTION:**

20   **Negligence Per Se in Injuring Plaintiffs Due to Violations of State and Federal Laws**

21   **Protecting the Disabled, and Complete Indifference to the Certain Result)**

22           75.    Plaintiff repleads and incorporates by reference, as if fully set forth again

23   herein, the factual allegations contained in paragraphs 1 through 74 of this complaint.

24           76.    Defendants' actions, as previously pled, constitute negligence per se, as

25   they constitute violations of state and federal laws protecting the rights and safety of disabled

26   persons such as plaintiff.

27           77.    Further, any violation of the Americans With Disabilities Act of 1990 (as

28   pled in the First Cause of Action hereinabove, the contents of which are repled and incorporated

1    herein, word for word, as if separately restated hereafter), also constitutes a violation of Section

2    54(c) and Section 54.1(d) California Civil Code, thus independently justifying an award of

3    damages and injunctive relief pursuant to California law on this basis, including but not limited

4    to Civil Code Sections 54.3 and 55.

5                 Wherefore, plaintiff prays that the court grant relief as requested herein below.

6

7                              **PRAYER FOR RELIEF**

8              Plaintiff prays that this Court award damages and provide relief as follows:

9           1.       Grant injunctive relief requiring that those of the defendants which

10    currently own, operate, control or lease the subject premises, repair the premises and render

11    them safe to disabled persons, and modify their policies and procedures, and otherwise provide

12    "full and equal access" to the public areas herein complained of, and make such facilities

13    "readily accessible to and usable by individuals with disabilities," according to the standards of

14    sections 51, 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California

15    Administrative Code; Sections 19955-19959 of the Healthy & Safety Code; Sections 4450-4456

16    of the California Government Code; Title III of the Americans With Disabilities Act of 1990;

17    the Americans With Disabilities Act Access Guidelines; and provide full and equal access to

18    physically disabled persons, including plaintiff, in all manners required by such statutes and

19    government regulations;

20          2.       If necessary, declare the property a public nuisance, and close it from

21    operating any form of public accommodation until such time as the building comes into

22    compliance with state and federal disability access requirements;

23          3.       Retain jurisdiction over the defendants until such time as the Court is

24    satisfied that defendants' unlawful policies, practices, acts and omissions complained of herein

25    no longer exist, and will not recur;

26          4.       Issue a declaratory judgment that defendants' actions and omissions, and

27    failures, including to modify the premises in compliance with the law, and to make reasonable

28    accommodations and reasonable modifications for plaintiff and other similarly situated disabled

1     persons violates the rights plaintiff and other similarly situated persons rights under the Health
2     & Safety Code Sections 19955-19959; Government Code Sections 4450-4455; Civil Code
3     Sections 51, 54, and 54.1 et seq.; Americans With Disabilities Act of 1990, 42 U.S.C. sections
4     12101, et seq., and the regulations promulgated thereunder; and the due process clauses of the
5     United States and California Constitutions.

6          5.      Issue a declaratory judgment regarding the obligations impressed by law
7     against the defendants, and declaring that plaintiff is entitled to disabled accessible and usable
8     subject Inn at Royal Grounds facilities including its entrance facilities, paths of travel, dining
9     tables, and counter, public restrooms, and other facilities, so that they may make use of the
10    public facilities and participate in the activities offered by defendants without suffering
11    discrimination or impediment on the basis of his disability;

12         6.      During the pendency of this action, a preliminary injunction issue
13    pursuant to Business and Professions Code section 17203 to enjoin and restrain defendants from
14    the acts of unfair competition set forth above;

15         7.      A permanent injunction pursuant to Business and Professions Code
16    section 17203 restraining and enjoining the defendants from continuing the acts of unfair
17    competition set forth above;

18         8.      Plaintiff seeks an award of statutory and "actual" damages against all
19    defendants, including general damages and special damages, according to proof, against such
20    defendants pursuant to sections 52 and 54.3 Civil Code, and that these damages be trebled;

21         9.      Punitive damages pursuant to Section 3294 Civil Code (Re: Eighth
22    through Ninth Causes of Action);

23        10.     Award prejudgment interest on all compensatory damages;

24        11.     Award all costs of this proceeding and all reasonable attorneys' fees,
25    litigation expenses and costs as provided by law, including but not limited to those recoverable
26    pursuant to the provisions of sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil
27    Procedure, section 19953 Health & Safety Code, and section 505 of the Americans With
28    Disabilities Act; and

Complaint for Injunctive Relief and Damages           — 24 —

1            12.    Grant such other and further relief as this Court may deem just and

2 equitable.

3

4 Dated: March 13, 2010                 THIMESCH LAW OFFICES
                                TIMOTHY S. THIMESCH

5

6

7                                 Attorneys for Plaintiff
                                CRAIG YATES

8

9

10                              **DEMAND FOR JURY TRIAL**

11            Plaintiff demands a jury on all claims for which a jury is permitted.

12

13 Dated: March 13, 2010

14                                 Attorneys for Plaintiff
                                CRAIG YATES

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Injunctive Relief and Damages**                 — 25 —

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| **MICHAEL P. SMITH**    SBN: 206927<br>**LAW OFFICES OF MICHAEL J. LAMPE**<br>**108 WEST CENTER AVENUE   VISALIA, CA 93291** | |

TELEPHONE NO.: **(559) 738-5975**     FAX NO.*(Optional):*   **(559) 738-5644**
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* **Plaintiff**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE**

STREET ADDRESS: **221 SOUTH MOONEY BLVD, ROOM 303**

MAILING ADDRESS:

CITY AND ZIP CODE: **VISALIA, CA 93291**

BRANCH NAME: **VISALIA**

| PLAINTIFF/PETITIONER:  **J & V PROPERTIES, INC., ET AL.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  **OSEAS SANCHEZ, ET AL.** | **10-139368** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* **Summons & Complaint on Unlawful Detainer; Prejudgment Claim of Right to Possession**

3. a. Party served *(specify name of party as shown on documents served):*
   **MARCELINA RODRIGUEZ**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship of party named in item 3a):*

4. Address where the party was served:  **335 WEST GROVE AVENUE, #A**
   **VISALIA, CA 93291**

5. I served the party *(check proper box)*
   a. ☒ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **03/11/2010**   (2) at *(time):* **09:43 pm**

   b. ☐ **by substituted service.** On *(date):* at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
      *(date):*  from *(city):*                          **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/E37797 |
|---|---|---|

| PLAINTIFF/PETITIONER: **J & V PROPERTIES, INC., ET AL.** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **OSEAS SANCHEZ, ET AL.** | **10-139368** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*


    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☒ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☒ as occupant.
    d. ☐ On behalf of *(specify):*
        under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                                        ☐ other:

7. **Person who served papers**
    a. Name: **TONY COSTA - Eddings Attorney Support Services, Inc.**
    b. Address: **1099 East Champlain Ave., Suite A-102 Fresno, CA 93720**
    c. Telephone number: **(559) 222-2274**
    d. **The fee for service was: $ 45.00**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ registered California process server:
            (i) ☐ owner     ☐ employee     ☒ independent contractor.
            (ii) Registration No.: **08-91**
            (iii) County: **KINGS**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.


Date: **03/15/2010**

**Eddings Attorney Support Services, Inc.**
**1099 East Champlain Ave., Suite A-102**
**Fresno, CA 93720**
**(559) 222-2274**


           **TONY COSTA**
     (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                  (SIGNATURE)